DENTON *vs.* DUPLESSIS.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE DISTRICT PRESIDING.

An injunction may be tried and dissolved on a rule to show cause to that effect, without setting the case for trial, when the parties appear and have an opportunity of exhibiting their evidence.

The payee of notes endorsed in blank by himself, secured by a mortgage, and marked *ne varietur*, may sell and transfer the notes and mortgage by authentic act to a third person, who will acquire such a title as will authorize him to sue out an order of seizure and sale.

Where the note is endorsed in blank, it passes by delivery, and in a transfer and sale by the payee to the transferee, the endorsement will be disregarded.

Where the holder of certain notes, endorsed in blank, by the payee, shows himself to be the owner by authentic evidence, he is entitled to an order of seizure and sale on the mortgage with which they are identified, independently of the endorsement.

This suit commenced by an order of seizure and sale, sued out by the plaintiff as the transferee of three several promissory notes, of the following tenor and date, transferred by Martin Duralde, the payee and endorser in blank, by authentic act.

" $5000. Twelve months after date, I promise to pay, to the order of Martin Duralde, at the domicil of John K. West, in this city, the sum of five thousand dollars, for value received. " F. DUPLESSIS.

" New-Orleans, March 3d., 1834.

" (Endorsed) M. DURALDE."

At the time of executing this note, five, including this one, were made by Duplessis, all of the same amount, tenor and date, secured by mortgage on land and slaves, passed on the

same day before C. Pollock, a notary public, in the city of New-Orleans, and the notes marked *ne varietur*, and identified with the mortgage. In the latter, it was stipulated the notes should bear ten per cent. interest, from the time they became due, until paid.

On the 31st March, 1835, after these notes were over due, and protested for non-payment, Martin Duralde, being still in possession, transferred three of them to the plaintiff, by authentic act, passed before Wm. Y. Lewis, notary public, in which Duralde acknowledges to have received from Denton, the sum of fifteen thousand dollars, as the consideration of the transfer and sale. He also cedes to the transferee all his rights and privileges to said notes, and subrogates him to his mortgage and right of action against the maker.

The plaintiff prayed for and obtained an order of seizure and sale, against the mortgaged property, and was proceeding to sell when he was stopped by an injunction on the part of the defendant.

The defendant denied the right of the plaintiff to recover, because Duralde was insolvent; had made a cession of his property, and had no right to transfer the notes sued on.

2. The notes were endorsed by Duralde before the transfer.

3. The identity of the notes with those described in the act of mortgage and transfer, was not shown to the district judge by authentic evidence at the time of granting the order of seizure and sale.

4. The notes were transferred after they became due, and are liable to all the equity which existed between the drawer and payee.

5. That Denton having paid the notes to Duralde, without being bound to do, is, therefore, not subrogated to the mortgages and privileges of Duralde.

Other grounds were alleged against the validity of the order of seizure, not necessary to notice.

On these pleadings, issues, and the documents referred to, the cause was submitted to the court.

The district judge dissolved the injunction with ten per cent. damages, and one hundred and fifty dollars, special

damages, being of opinion that the order of seizure was properly sued out, and that the injunction was wrongfully obtained. The defendant appealed.

*Winchester,* for the plaintiff, maintained, that the judgment of the District Court should be affirmed, on the following grounds :

1. The appellant had due notice, by motion filed and regularly served, that the appellee would, on a fixed day, move, in open court, to dissolve the injunction. *Code of Practice,* 741. 2 *Louisiana Reports,* 319. 4 *Louisiana Reports,* 86.

2. The order of seizure and sale issued upon a mortgage given the 3d of March, 1834, by the appellant to Duralde, to secure the payment of five notes made to the order of Duralde, by Duplessis, and then endorsed and given to Duplessis, who put them in circulation. The object of the mortgage was to secure Duralde against any loss that might accrue to him on account of his endorsement.

3. The possession, by Duralde, of any of these notes, after they were so put into circulation by Duplessis, with the *blank* endorsement of Duralde, does not impose the necessity of proof of the means by which, nor from whom he had them, for possession of negotiable paper with *blank* endorsements, is evidence of property, sufficient to throw the burden of proof of fraud, &c., upon the defendant. 7 *Martin, N. S.,* 255. 2 *Louisiana Reports,* 193, and particularly 7 *Louisiana Reports,* 480.

4. The act of the 31st of March, 1835, transferred the notes then in the possession of Duralde, to Denton ; this act describes the notes not only by *sums and dates,* but by reference to the previous act of the 3d of March, 1834 ; no doubt could then remain of their identity. But it is contended that the *ne varietur* of the notary who passed the act of the 31st of March, 1835, placed upon the notes transferred by that act, bears date some time after the date of the act itself, and therefore the notes are not the same. Now, it is probable the notary, at the time of passing, neglected to add

the *ne varietur,* and when called upon afterwards by the parties to the act, to add it, out of abundant caution added the date of the day on which it was done. But it will be recollected this is only *one* mode of identification, and that it is not *exclusive.* See 7 *Louisiana Reports,* 468.

5. The notes sued on, as will appear by an examination of the record, have no other endorsement on them but that of Duralde; all others were, before the bringing of the suit, erased, if they ever existed.

6. The act of the legislature of this state for the year 1831, page 102, and section 3, grants, *peremptorily, ten per cent. damages* on the dissolution of *all injunctions,* with discretion up to twenty, as *general damages.* See 3 *Louisiana Reports,* 220. And the court has allowed attorneys' fees to be taxed as *special damages.* See 5 *Louisiana Reports,* 246. And both general and special damages were claimed in the notice, and the rule taken to dissolve this injunction.

7. The evidence offered by the appellant, in the court below, to show that Duralde had failed previous to the transfer of the notes sued on, and had made a cession, proves exactly the contrary; it shows that Duralde called a meeting of his creditors, and asked for a *respite.* The respite was granted by his creditors, and on motion to homologate these proceedings, the court discovered some irregularity in the proceedings had before the notary, and *dismissed the case.* Duralde then made a transaction with his creditors, by which he sold them a large amount of property, an amount vastly above the amount of his debts; and Duralde, as appears by the transaction, not only paid his debts, but was left rich.

8. The appellant failed to prove any of the allegations set up in his petition for injunction, and this court will, therefore, confirm the judgment of the court below.

*Hiriart* and *Burk,* submitted a written argument on the part of the defendant, in which they contended, that the opposition to the executory proceedings, put at issue various matters, such as want of consideration, fraud, and the incapacity of the plaintiff, or even of Duralde, to proceed by the

*via executiva,* and should have been regularly set for trial.
1 *Martin,* 34.  8 *Ibid.,* 440.

2. The plaintiff has no title to the notes, because Duralde having endorsed them away, could confer no title by his transfer to the plaintiff, in the act of the 31st March, 1835. It is true he has possession of the notes, but possession in *him* is not even *prima facia* evidence of title, especially as the legal interest appears in others. Giving no other evidence of title but the transfer from Duralde, who had no right to make it, he should be non-suited. 6 *Martin, N. S.,* 45. 1 *Ibid.,* 301, 373.

3. The plaintiff received these notes after they became due and was protested. Consequently he received them subject to all the equities between the original parties. The assignee of negotiable paper after it is due, takes it subject to the equity of the drawee. 5 *Martin,* 361.

4. The identity of the notes is not ascertained by authentic evidence. The act of transfer only describes notes drawn by Duplessis; but it is not alleged or shown against whom, or in whose favor the notes are protested; for as against Duplessis by Duralde, the protest was useless, the notes being secured, as between them, by mortgage.

The counsel then went on to argue against the judgment appealed from, because it did not contain sufficient reasons, etc.

*R. N.* and *A. N. Ogden,* on the same side.

1. The cause was not set down for trial; it was taken up and decided on a rule obtained on the defendant, to show cause why the injunction should not be dissolved. Although this court have decided that this is one of those cases which must be tried summarily, it is, nevertheless, a suit between two parties, which must be tried according to the formalities prescribed by law. It has the preference over other cases, but should be regularly set down for trial; an opportunity afforded to the party of exhibiting his evidence. 8 *Martin's Reports,* 440.

2. We contend that the record itself shows that the plaintiff could not maintain the order of seizure and sale;

EASTERN DIST.
March, 1838.

DENTON
vs.
DUPLESSIS.

that the order issued illegally, without the evidence required to sustain it; and as no attempt was made by an amendment of the pleadings, to change the action from the *via executiva* into the *via ordinaria*, the court could not render a judgment against the defendant, and the order of seizure must be set aside.  10 *Martin*, 223.

3. The act of mortgage in this case was not of such a character as to authorize a recourse to the remedy by order of seizure.  The appellee's counsel admits, in his points filed in this court, that it was a mortgage given by Duplessis to secure Duralde for his endorsements on certain notes which Duplessis was about to negotiate: Duralde, therefore, himself, who assigned the mortgage to Denton, could never have obtained an order of seizure, because, in order to do so, he would have been required to show by authentic evidence, that, as endorser, he had payed the notes.  There is no authentic evidence that Duralde, as endorser, took up these notes; and under an authority of this court we contend that he himself could not have obtained an order of seizure. 1 *Martin*, N. S., 237.  And as he could transfer no greater right to Denton than he himself had, the right to an order of seizure never existed in the plaintiff.

4. The record shows that the notes to secure the payment of which it is alleged the mortgage was given, had been negotiated and passed through several hands; Duralde had endorsed them in the first instance; by this endorsement he not only parted with his title to the notes, but he was divested of his right to the mortgage, which was an accessory, and must accompany the principal: when the notes became due, they were protested as the property of another person.  By the mere possession of the notes, Duralde might have been reinstated in his title so as to entitle him to recover in an ordinary action; but he could not thereby acquire such a title as would import a confession of judgment, and warrant a recourse to the order of seizure.  Unless the transfer of the mortgage is simultaneous with the endorsement, an endorsee does not acquire the right of pursuing this mode of action. The endorsement is not established by authentic evidence;

and this is indispensable to authorize an order of seizure. 10 *Martin*, 225. 4 *Louisiana Reports*, 321. The endorser who takes up the notes after he has parted with his interest in them, and after they have been protested in other hands, acquires them by a new title ; he only acquires the right of suing on them as any *bonâ fide* holder might do in the *via ordinaria.*

EASTERN DIST.
*March*, 1838.

DENTON
*vs.*
DUPLESSIS.

*Grymes*, for defendant, argued to show there was no authentic evidence of the transfer of the notes, and that the plaintiff had not sufficient title to them, to support the executory proceedings.

*Bullard, J.*, delivered the opinion of the court.

In this case, the plaintiff, alleging himself to be the assignee of the payee of several promissory notes, drawn by the defendant, and secured by special mortgage, evidenced by an authentic act, procured from the judge of the district at chambers an order of seizure and sale ; he also alleges the transfer of the notes to himself by authentic act, and of the mortgage, so far as it applies to these notes, there having been several others of equal date, secured by the same mortgage.

The proceedings on the order of seizure and sale were arrested, by injunction sued out by the defendant, upon various grounds, most of which have not been insisted upon in the argument in this court. After a summary trial in the District Court, the injunction was dissolved, and the defendant appealed.

It has been urged on the part of the appellant, that the cause was not set down for trial; that it was taken up on a rule to show cause why the injunction should not be dissolved, and no opportunity afforded the defendant to exhibit his evidence. It appears that a rule was taken to show cause on a particular day, and that on the day fixed, both parties offered evidence, and it is not shown that the defendant asked for any further delay, or that any evidence offered

An injunction may be tried and dissolved, on a rule to show cause to that effect, without setting the case for trial, when the parties appear and have an opportunity of exhibiting their evidence.

by him was rejected. The defendant cannot, therefore, reasonably complain of surprise, or that he was prejudiced by the proceedings.

But the principal grounds relied on in this court are, that the plaintiff did not produce sufficient authentic evidence of the transfer to himself of the notes in question, to authorize the issuing of an order of seizure and sale in the first instance; that the notes are not sufficiently identified; that there is no authentic evidence of the endorsement of Duralde, and that at the time of the transfer from Duralde to Denton, the former was not the owner of the notes, it appearing by an endorsement on them that he had previously parted with his interest, and that they were out of his possession; and that he has shown no re-transfer to Duralde.

The statement of facts shows, that the plaintiff exhibited to the judge in chambers, and again on the trial of the rule: 1st, A copy of the act of mortgage, passed before Carlile Pollock, a notary public; 2d, Three notes, sufficiently identified with that act by the paraph of the notary, and corresponding in dates and amounts with those set forth in the mortgage; and 3d, A copy of an authentic act, passed before W. Y. Lewis, notary public, in which Duralde acknowledges to have received from the present plaintiff, the full amount of these notes, together with the costs of protest, and to enable the said Denton to receive the amount of the said notes with all accruing interest, he transfers, assigns, and sets over to the said Denton all his right, title, and interest, for so much as concerns the aforesaid notes, in and to the above mentioned mortgage, with full subrogation to all his rights, privileges and mortgages and actions thereon, and full authority to enforce the same, in as ample a manner as the said Duralde could or might have done.

We leave out of view the paraph of the last notary upon the notes exhibited, as a nullity, because it bears a different date from the instrument itself, and consequently does not afford authentic evidence of the endorsement of Duralde, nor, standing by itself, of the identity of the notes referred to and described in that act.

There is, therefore, in our opinion, no authentic evidence before us of the endorsement of Duralde upon the notes; and that leads us to inquire whether, without such endorsement, the plaintiff was entitled to an order of seizure and sale. Two questions, therefore, present themselves: 1st, Whether a promissory note may be validly transferred in any other manner than by endorsement; and 2d, Whether the act before W. Y. Lewis, contains a sufficient transfer of the notes, as well as the mortgage *pro tanto.*

EASTERN DIST.
*March,* 1838.

DENTON
*vs.*
DUPLESSIS.

I. It appears to us manifest, that if Duralde was at the date of that instrument, still the holder of the notes, they were liable to be seized in execution at the suit of his creditors; that they would have passed to his creditors by a general assignment of his effects in case of surrendering, and that he might have sold and transferred them by separate and distinct contract, more especially after their dishonor. As evidences of a debt due by the defendant, they might be sold by the owner himself, or for his benefit, according to the principles of that part of the code which relates to the assignment or transfer of debts. *Louisiana Code,* 2612, *et seq.*

The only difference between such an assignment and an endorsement in the usual course of business, is, that the endorser warrants the ultimate payment of the note on proper demand and notice, and the assignor warrants only the existence of the debt, and not the solvency of the obligor; and under the assignment they are subject to all original equities. One of this very series of notes appears to have been sold at auction at the instance of a trustee of the creditors of the payee, and we have no doubt but that the payee was thereby divested of title.

II. But it has been contended, that the instrument before Lewis, the notary, contains no transfer or assignment of the notes, as evidence of the principal obligation, but merely a transfer of the mortgage, so far as it relates to them, and that only the accessory has been assigned. It is true, it is not declared expressly, that Duralde assigns, or transfers, or endorses, or sells the notes, but the notes are described and identified with the notarial act before Pollock, and Duralde

*The payee of notes endorsed in blank by himself, secured by a mortgage, and marked ne varietur, may sell and transfer the notes and mortgage by authentic act to a third person, who will acquire such a title as will authorize him to sue out an order of seizure and sale.*

acknowledges that he has received the full amount of them from the present plaintiff, and in order to enable him to receive the amount of them · with the accruing interest, he assigns and sets over the mortgage, and subrogates the plaintiff to all his rights and actions, with as ample authority to enforce the same as he could do himself; that this contract authorizes the plaintiff to receive the amount of the notes, cannot be doubted; that he is authorized to coerce the payment would appear equally clear, under the express subrogation to all the rights and actions of the assignor; for the assignor could exercise no action himself unless as owner or holder of the notes. The assignment or transfer of debts is a species of sale, and is governed by the general principles relating to that contract. Its essentials are a thing sold, a price and consent. Even as it relates to immovables, it is considered that a receipt for the price is evidence of a sale between the parties. No particular set of words or phrases is, therefore, sacramental; and it is sufficient that the *intention* of the parties clearly appears.

Where a note is endorsed in blank, it passes by delivery, and in a transfer and sale by the payee to the transferee, the endorsement will be disregarded.

But it is further contended, that it appears by endorsements on the notes, that Duralde had already parted with his interest, and that they had passed into other hands, by whom they had been protested. The endorsement of Duralde is in blank, and consequently the note passed afterwards by delivery. His endorsement by no means contradicts the notarial act of transfer, and as the plaintiff is in possession of the notes, may be wholly disregarded. The holder, in our opinion, shows himself owner of the notes by authentic evidence, and was entitled to the order of seizure and sale, independently of the endorsement of Duralde.

Where the holder of certain notes, endorsed in blank by the payee, shows himself to be the owner by authentic evidence, he is entitled to an order of seizure and sale on the mortgage with which they are identified, independently of the endorsement.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.